IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Brandy James, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No.   1:16-cv-301<br>) |
| FEDChex Recovery, LLC, a California limited liability company, and Law Offices of Crystal Moroney, P.C. a New York professional corporation, | )<br>)<br>)<br>)<br>) |
| Defendant. | )   <u>Jury Demanded</u> |

**COMPLAINT –CLASS ACTION**

Plaintiff, Brandy James, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letters violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff resides here.

**PARTIES**

3. Plaintiff, Brandy James ("James"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect delinquent consumer debts, which were owed for rented books.

4. Defendant, FEDChex Recovery, LLC ("FEDChex"), is a California limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant FEDChex operates a debt collection business and attempts to collect debts from consumers in the State of Indiana. In fact, Defendant FEDChex was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant, Law Offices Of Crystal Moroney, P.C. ("Moroney"), is a New York professional corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Moroney operates a debt collection business and attempts to collect debts from consumers in the State of Indiana. In fact, Defendant Moroney was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

**FACTUAL ALLEGATIONS**

6. Due to financial difficulties, Ms. James fell behind on paying her bills, including debts she allegedly owed for some rented books. On April 14, 2015, Defendants sent Ms. James collections letters for these alleged debts. These letters stated that the "Original Creditor" was "Follett AR – U/Indianapolis Bookstore", but then stated that "Our Client" was "FEDChex Recovery LLC". Defendants' letters failed to explain who FEDChex Recovery LLC was, or what the difference was between it and

the original creditor, Follett AR – U/Indianapolis Bookstore, or why FEDChex had retained Law Offices of Crystal Moroney, P.C. to collect the debts.  Copies of Defendants' letters are attached as Group Exhibit A.

7. This would cause a consumer to not know to whom the debt was currently owed -- was FEDChex another collection agency, the current creditor to whom the debt was owed, or what?  A simple statement that "FEDChex Recovery LLC had bought the debt", or that it was the "current" creditor, or that the debts were now owed to FEDChex, or that the debts were stilled owed to the Original Creditor would have sufficed to identify effectively the name of creditor to whom the debts were then owed.

8. These letters stated that the amount of the debts were $167 and $70, but Plaintiff is informed and believes that the principal balances on these debts were less and that Defendants have added amounts allegedly due for collection fees.  In fact, Defendants had no statutory or contractual right to add collection fees.

9. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

10. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. James with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

13. Defendants' form collection letters violate § 1692g(a)(2) of the FDCPA because they failed to identify effectively the name of the current creditor to whom the debt was then owed. See, Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011) (Hibbler, J); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012)(Grady, J.); Deschaine v. National Enterprises, 2013 U.S. Dist Lexis 31349 (N.D. Ill. 2013)(Reinhard, J.); and, Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015).

14. Defendants' violations of § 1692g of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692e Of The FDCPA --
## False, Deceptive Or Misleading Statements

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

17. Defendants, by attempting to collect collection fees, when they had no right to impose same, made a false, deceptive or misleading statements, in violation of

4

§ 1692e of the FDCPA.  See, Kojetin v. C U Recovery, 212 F.3d 1318 (8th Cir. 2000); Seeger v. AFNI, 548 F.3d 1107 (7th Cir. 2008); and, Bradley v. Franklin Collection Service, 779 F.3d 606 (11th Cir. 2014).

18.    Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692f Of The FDCPA -- Unfair Or Unconscionable Collection Actions

19.    Plaintiff adopts and realleges ¶¶ 1-10.

20.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, see, 15 U.S.C. § 1692f(1).

21.    Defendants, by demanding payment of collection fees, when they had no right to do so, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.  See, Kojetin, 212 F.3d 1318; Seeger, 548 F.3d 1107; and, Bradley, 779 F.3d 606.

22.    Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

23.    Plaintiff, Brandy James, brings this action individually and as a class

action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Follett AR – U/Indianapolis Bookstore debt, via the same form collection letters (Group Exhibit A), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24. Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff James, in their attempts to collect delinquent consumer debts from other consumers.

25. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letters they sent Plaintiff James.

26. Plaintiff James' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or

impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28.   Plaintiff James will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff James has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Brandy James, individually and on behalf of all others similarly situated, prays that this Court:

1.   Certify this action as a class action;

2.   Appoint Plaintiff James as Class Representative of the Class, and her attorneys as Class Counsel;

3.   Find that Defendants' form collection letters violate the FDCPA;

4.   Enter judgment in favor of Plaintiff James and the Class, and against Defendants FEDChex and Moroney, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Brandy James, individually and on behalf of all others similarly situated, demands trial by jury.

Brandy James, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 4, 2016

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com